## SEMINOLE NATION OF INDIANS v. UNITED STATES.

### No. 11–52.

United States Court of Claims.

June 2, 1953.

Paul M. Niebell, Washington, D. C., for appellant. Roy St. Lewis, Washington, D. C., was on the brief.

Maurice H. Cooperman, Washington, D. C., with whom was J. Edward Williams, Acting Asst. Atty. Gen., for appellees.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

This case is before us on appeal from the decision of the Indian Claims Commission, Docket No. 53, dismissing appellant's petition.

In its petition it is alleged that by an Act of the Tribal Council of the Seminole

Nation, approved April 23, 1897, a townsite commission was created, which, in the exercise of the authority conferred by that Act, acquired a tract of approximately 640 acres, divided it into lots, blocks, streets and alleys, and proceeded to sell the lots. By February 12, 1900, the balance of some 3,132 lots were sold to John F. Brown, the Principal Chief of the Nation, for $12,000. This sale was not in accordance with the Act of the Seminole Nation, in that it relieved Brown of the requirement of the Act that a building or buildings be erected on the lots purchased within six months thereafter. The sale, however, was ratified and confirmed by the Seminole General Council on April 18, 1900, and again on December 16, 1903, and on March 3, 1905, the Congress of the United States ratified and confirmed these acts of the Seminole General Council, 33 Stat. 1048, 1068.

On June 6, 1901, prior to the ratification by the Congress, the lots had been conveyed to the Wewoka Realty and Trust Company, a company controlled by John F. Brown and his brother, which proceeded to sell the lots at prices averaging, according to one witness, from $80.00 to $100.00, and, according to another one, from $150.00 to $200.00 a lot. Also, prior to the passage of the Act, a communication had been directed to the Attorney General questioning the legality and the bona fides of the sale to Brown. The Assistant Attorney General for the Interior Department held that the sale was illegal and recommended to the Congress legislation authorizing the making of an equitable adjustment between the bona fide purchasers of the townsites and the Seminole Nation. Also, the Secretary of the Interior, on the recommendation of the Commissioner of Indian Affairs, recommended against the confirmation of the action of the Seminole council on the ground that the sale to Brown was illegal, but not on the ground that the price paid was inadequate, or that the transaction was tainted with fraud. The Act of March 3, 1905, was passed under these circumstances.

Appellant's petition before the Indians Claims Commission is almost identical with the one it filed in this court on May 31, 1930, as amended by its amended petition filed December 27, 1937. The only substantial difference is that in its petitions filed in this court it asserted that under the facts alleged the defendant had taken its lands, for which it was required by the Fifth Amendment to the Constitution to pay just compensation; whereas in the petition before the Indian Claims Commission it alleges that these same facts show that the defendant had been guilty of unfair and dishonorable dealings with the tribe and for this reason the sale to Brown should be set aside.

In our opinion on the case brought originally in this court we held, 92 Ct.Cl. 210, 214–216, that defendant had not appropriated plaintiff's lands unless the sale of them by the tribe to Brown, the Principal Chief, was fraudulent and the United States was a party to the fraud. We said the United States could not have been a party to the fraud except by the passage of the Act of March 3, 1905, ratifying the acts of the Seminole General Council of April 18, 1900, and December 16, 1903, confirming the sale; that there was no evidence that Congress had been guilty of a fraud on the tribe in the passage of the Act; and that it was inconceivable, anyway, that Congress had intended to confer jurisdiction on us to inquire if one of its former Acts was fraudulent.

All that was said in that case on the question of whether or not the defendant was a party to any fraud that may have been committed in the sale of these lands, is equally applicable to the allegation in the present suit that the defendant was guilty of unfair and dishonorable dealings. There is no evidence to support such an allegation.

On the authority of our former opinion,[1] the decision of the Indian Claims Commission dismissing plaintiff's petition is affirmed.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.

1. Petition for certiorari was denied, 313 U. S. 563, 61 S.Ct. 841, 85 L.Ed. 1523.